IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Darryl Fuller, *a/k/a D'Vinci Antonio Rivonia Museveni*,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections; Tallahatchi County Correctional Facility; Core Civic; Lieutenant McDaniel; Sergeant Allison; Correctional Officer A. Calvin; Warden Luis Rosa, Jr.; Investigator Billy Baker; SCDC Director Brian Stirling; John/Jane Doe, *Classification Officer of SCDC*,<br><br>Defendants. | ) | Case No. 0:26-cv-02480-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Complaint, ECF No. 1, a Report and Recommendation of the Magistrate Judge ("Report"), ECF No. 11, two Motions for Temporary Restraining Order filed by Plaintiff, ECF Nos. 17; 22, and a miscellaneous Motion filed by Plaintiff, ECF No. 19.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. For the reasons stated herein, this action is summarily DISMISSED without prejudice and without issuance and service of process, and Plaintiff's other pending motions are DENIED AS MOOT.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Plaintiff alleges that,

[1] Out of an abundance of caution, the Clerk docketed Plaintiff's September 15, 2026 filing twice, as both objections to the Report and a Motion for miscellaneous relief. *See* ECF Nos. 18; 19.

while housed in a correctional facility in Mississippi, he was left in restraints which caused him to fall and injure his head and spine. ECF No. 1 at 6-7. He further alleges officials at the Mississippi facility destroyed his legal documents, stole his art portfolios, verbally threatened him, confiscated his wheelchair after he was diagnosed with "spine deficiency/collapsed vertebra," forcing him to walk up stairs in pain, and denied him an MRI. *Id.* at 7-8. Prior to his transfer to Mississippi and while housed in South Carolina Department of Corrections ("SCDC") facilities, he alleges he was sexually assaulted by a corrections officer and that "SCDC Prison Bureaucrats retaliated via conspiring to [m]urder" him by "fabricating gang affiliation [d]ata, tampering and altering SCDC [c]lassification [d]ata removing inmate separations, [and] linking Plaintiff to SCDC deadly prison riot categorizing Plaintiff [as] merely a gang leader." *Id.* at 6-7. Plaintiff seeks monetary damages, removal from SCDC custody, an apology from Defendants, and an MRI. *Id.* at 9.

On August 11, 2026, the Magistrate Judge issued a Report recommending Plaintiff's claims be summarily dismissed for improper venue and failure to state a claim. ECF No. 11. Specifically, the Magistrate Judge found that the portions of the Complaint related to Plaintiff's confinement in Mississippi should be dismissed for improper venue, as the issues substantially arose in Mississippi. *Id.* at 4 (citing 28 U.S.C. § 1391(b)). As to Plaintiff's remaining allegations concerning alleged wrongdoing in South Carolina, the Magistrate Judge found Plaintiff fails to plausibly allege an actionable claim under § 1983 because Plaintiff's only specific allegations against SCDC officials pertain to his classification and transfer, and inmates have no constitutional due process entitlement to a particular prison facility or classification status. ECF No. 11 at 4-5 (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. ECF No. 11 at 7.

Plaintiff's objections to the Report were docketed on September 15, 2026. ECF No. 18.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Because Plaintiff is proceeding *pro se*, this Court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally."). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

"To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the Court need only review for clear error "those portions which are not objected to — including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"); *Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was nonspecific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## ANALYSIS

The Magistrate Judge recommends Plaintiff's claims be summarily dismissed for improper venue and failure to state a claim. ECF No. 11. In his objections, Plaintiff generally opposes dismissal, reiterates the allegations in his Complaint, and asks the Court to allow discovery under Rule 26 of the Federal Rules of Civil Procedure. ECF No. 18. After careful review, the Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and

recommendations. Nevertheless, out of an abundance of caution for the *pro se* party, the Court has conducted a *de novo* review of the entire Report, the record, and the applicable law.

## CONCLUSION

Having thoroughly reviewed the Report and the record in this case, the Court accepts the Report and Recommendation of the Magistrate Judge on all grounds and incorporates it by reference. Accordingly, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motions for Temporary Restraining Order [ECF Nos. 17; 22] and Motion for miscellaneous relief[2] [ECF No. 19] are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

United States District Judge

November 10, 2026
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

[2] The Court notes that although this Motion includes in its title "Motion to Appoint Counsel to Amend," after carefully reviewing the document, the Court finds that Plaintiff does not appear to include any arguments to support a motion to appoint counsel and/or amend the Complaint. *See* ECF No. 19.